

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM LASTIN,<br><br>                                                    Petitioner,<br><br>v.<br><br>Warden, Imperial Regional Detention Facility,<br><br>                                                    Respondent. | Case No.:  26-cv-974-RSH-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On February 16, 2026, petitioner Maksim Lastin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Russia, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Imperial Regional Detention Facility in Calexico, California. Respondents have filed a return. ECF No. 3. As set forth below, the Court grants the Petition.

## I.    BACKGROUND

On November 20, 2024, Petitioner applied for entry to the United States at a port of entry. *See* ECF No. 1 at 4; ECF No. 3 at 2. Petitioner did not possess any valid entry documents. ECF No. 3 at 2. He was taken into immigration custody and thereafter placed in removal proceedings. *Id.* On March 13, 2025, an immigration judge granted asylum to Petitioner. *Id.* However, the U.S. Department of Homeland Security ("DHS") appealed,

and the Board of Immigration Appeals ("BIA") sustained the appeal and remanded the case to the immigration judge. *Id.* On October 27, 2025, on remand, the immigration judge denied relief and ordered Petitioner removed to Russia. *Id.* Petitioner has appealed that order to the BIA, and his appeal remains pending. *Id.*

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which provides, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal proceedings. The issue presented here is whether, in the circumstances of this case and at this point in time, applying this mandatory detention regime violates Petitioner's due process rights.

### A.    Jurisdiction

Respondents first challenge this Court's jurisdiction to hear the Petition, relying on 8 U.S.C. § 1252(g). ECF No. 3 at 4–5. That provision states that, except as otherwise provided in Section 1252, and notwithstanding any other provision of law including 8 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that because Petitioner challenges his detention during removal proceedings, that detention "arises from" the Attorney General's decision to commence such proceedings. ECF No. 3 at 4–5.

The Supreme Court has interpreted the jurisdiction-stripping provision in Section

1252(g) narrowly, limiting it to "three discrete actions": the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.* In a later decision, the Court explained that it did not interpret Section 1252(g) "to sweep in any claim that can technically be said to "arise from" the three listed actions of the Attorney General. Instead, [the Court] read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Here, Petitioner is seeking to review the legality of his detention, arguing that the length of time he has been detained here is unlawful—rather than challenging the decision to commence proceedings, the adjudication of his removal case, or an action to execute his removal order. He does not seek to litigate in this Court questions of whether he is removable or whether he is entitled to relief from removal. The relief he seeks here is release from custody or a bond hearing at which his release may be considered by an immigration judge. The Court concludes that Petitioner's claim is not barred by Section 1252(g).

## B.    Whether Petitioner Has a Due Process Claim

Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Petitioner has no due process rights beyond those that Congress has provided, and that his due process claim therefore fails. ECF No. 3 at 7–8. In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." 591 U.S. at 107. The petitioner in that case had "attempted to enter the country illegally and was apprehended just 25 yards from the border." *Id.* The Supreme Court determined that the "political department of the government" had plenary authority to admit or exclude aliens seeking

initial entry, and thus "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute." *Id.* at 139–40.

Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b). *See Petgrave v. Aleman*, 529 F. Supp. 3d 665, 679 (S.D. Tex. 2021) ("As far as Petitioner is concerned, whatever procedure Congress has authorized is sufficient due process."); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 536 (W.D.N.Y. 2021) ("Petitioner is on the threshold of initial entry into the United States and . . . he accordingly is not entitled to procedural protections beyond those provided by statute.").

Most courts have ruled otherwise. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) … 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'") (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). This Court agrees with the majority position that a person detained under Section 1225(b) may assert a due process challenge to prolonged mandatory detention without a bond hearing.

This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process

implications, nor that such aliens have no due process rights whatsoever."); *Hernandez v. Wofford*, No. 25-cv-986-KES-CDB (HC), 2025 WL 2420390, at *3 (E.D. Cal. Aug. 21, 2025) ("Although the Supreme Court has described Congress's power over the 'policies and rules for exclusion of aliens' as 'plenary,' and held that this court must generally 'defer to Executive and Legislative Branch decisionmaking in that area,' it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority'—through detention or otherwise.") (citations omitted); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").

Respondents also argue that a much older case, *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207–09 (1953), establishes that arriving aliens subject to a mandatory detention scheme, regardless of the length of their detention, never become entitled by the due process clause to a bond hearing. ECF No. 3 at 6–7. This Court does not read *Mezei* to establish such a proposition. *Mezei* involved a noncitizen who had been "permanently excluded from the United States on security grounds but [who was] stranded in his temporary haven on Ellis Island because other countries [would] not take him back." 345 U.S. at 207. In 1950, the Attorney General determined, pursuant to emergency regulations that based on certain confidential information, the noncitizen should be excluded from the United States "for security reasons." *Id.* at 208-10, 214–15. The Supreme Court rejected the noncitizen's constitutional challenge, citing "considerations" of "danger to the national security":

> Thus we do not think that respondent's continued exclusion deprives him of any statutory or constitutional right. It is true that resident aliens temporarily detained pending expeditious consummation of deportation proceedings may be released on bond by the Attorney General whose discretion is subject to judicial review. By that procedure aliens uprooted from our midst may rejoin the community until the Government effects their leave. *An exclusion proceeding grounded on danger to the national security, however, presents different*

*considerations*; neither the rationale nor the statutory authority for such release exists. *Ordinarily to admit an alien barred from entry on security grounds nullifies the very purpose of the exclusion proceeding* ….

*Id.* at 215 (citations omitted and emphasis added).

This Court agrees with those courts that distinguish the constitutional holding in *Mezei* as addressing the national security considerations presented in that case. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003) ("[T]he *Mezei* Court explicitly grounded its decision in the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security."); *Lett v. Decker*, 346 F. Supp. 3d 379, 386 (S.D.N.Y. 2018) ("*Mezei* may compel the conclusion that arriving aliens already excluded on national security grounds are not entitled to a bond hearing prior to their arranged deportation. However, *Mezei* does not compel the categorical conclusion that all arriving aliens may be subject to prolonged confinement without a bond hearing."); *Kydyrali*, 499 F. Supp. 3d at 772 (finding *Mezei* inapposite to the issue of whether prolonged detention without a bond hearing violates due process); *Rash v. LaRose*, No. 26-cv-8-LL-DEB, 2026 WL 249324, at *4 (S.D. Cal. Jan. 30, 2026) (same). Here, in contrast, neither the Attorney General nor any other government component has made a determination that Petitioner should be excluded on grounds of national security; Petitioner is not seeking to circumvent such a determination. Petitioner is instead seeking a bond hearing.

The Court concludes that it has authority to review whether Petitioner's detention, pursuant to a scheme of mandatory detention, has become unconstitutionally prolonged.

## C. Whether Petitioner's Detention is Prolonged in Violation of Due Process

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali*, 499 F. Supp. 3d at 773–74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future

detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74.

Here, Petitioner has been detained for over 15 months. Respondents argue that "[i]n general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." ECF No. 3 at 8 (quoting *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023)). This proposition, applied to Petitioner's length of detention, favors a bond hearing. The fact that courts have granted habeas relief in some other cases involving *longer* periods of detention does not indicate that Petitioner is ineligible for such relief; still other courts have granted habeas relief in cases involving *shorter* periods of detention.[1]

The record does not reflect that the remaining factors favor either party.

On balance, the Court determines that Petitioner's detention without a bond hearing has become unreasonable and violates due process. Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir.

---

[1]    *See, e.g.*, *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tanoyan v. Andrews*, No. 25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period … qualifies as prolonged."); *Gao v. LaRose*, No. 25-cv-2084-RSH-SBC, 2025 WL 2770633, at *5 (S.D. Cal. Sept. 26, 2025) ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention … approximately one year. District courts have found shorter lengths of detention … without a bond hearing to be unreasonable.") (collecting cases).

2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to arrange a bond hearing for petitioner Maksim Lastin before an immigration court within ***seven (7) days of this order*** as described above. The Court declines to order further declaratory relief. To the extent Petitioner seeks to recover attorneys' fees, he must do so by noticed motion in a manner consistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the undersigned's chambers pretrial procedures.

The hearing set for March 12, 2026 is **VACATED**.

**IT IS SO ORDERED**.

Dated: March 2, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge

8

26-cv-974-RSH-DDL